IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:17-cr-95 |
| | : | 1:20-cv-471 |
| v. | : | |
| | : | Hon. John E. Jones III |
| DEHAVEN M. POLLARD, | : | |
| Defendant. | : | |

## MEMORANDUM

## February 12, 2021

Pending before the Court is Defendant Dehaven M. Pollard's ("Defendant" or "Pollard") counseled[1] Supplemental Motion to Correct Sentence under 28 U.S.C. § 2255 based on *United States v. Davis*.[2] (Doc. 70). For the reasons that follow, the Motion shall be denied.

## I.   PROCEDURAL BACKGROUND

In April 2017, a grand jury returned a 2-count indictment, charging Dehaven Pollard with:

> **Count 1** – aided and abetted by others known and unknown to the grand jury he did obstruct, delay and affect commerce by robbery in that he did take and obtain personal property from employees of a

---

[1] Pollard initially filed a *pro se* §2255 motion invoking *Davis,* whereupon the Federal Public Defender's Office of this District was appointed to represent Pollard in these proceedings. Inasmuch as the initial *pro se* motion and the supplemental counseled motion address the same grounds for relief, we shall construe them together as one motion.

[2] *United States v. Davis*, 588 U.S. ——, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) (holding that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause).

named business against their will by means of actual and threatened
force, violence, and fear of injury, immediate and future, to their
person, in violation of 18 U.S.C. §§ 1951 and 2, and *Pinkerton v.
United States,* 328 U.S. 640 (1946)(*Pinkerton* liability);

**Count 2** – he did knowingly brandish, carry and use firearms during
and in relation to and in furtherance of a crime of violence for which
he may be prosecuted in a court of the United States, that is Hobbs
Act robbery and did aid, abet, counsel, command, induce and procure
the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, and
*Pinkerton v. United States*, 328 U.S. 640 (1946)(*Pinkerton* liability).

(Doc. 1). In April 2018, Pollard entered into a plea agreement with the

government and entered guilty pleas to both counts of the indictment. (Docs. 41,

44). On April 26, 2019, the Court sentenced Pollard to 204 months imprisonment.

(Doc. 64). The sentence consisted of 120 months on Count 1 (robbery charge) and

a consecutive mandatory minimum 84 months on Count 2 (gun charge). (Doc. 64

at 2). Pollard did not take a direct appeal.

In the instant §2255 Motion, Pollard argues that because his predicate

offense of Hobbs Act robbery can no longer considered a crime of violence after

*Davis*, and as such, his conviction and sentence on Count 2, for a violation of

Section 924(c), violate due process and must be vacated. However, as shall be

discussed hereinbelow, since Pollard's counseled §2255 Motion was filed,

jurisprudence developed in this and other districts that squarely addresses and

rejects Pollard's position, rendering the instant Motion meritless.

## II.     DISCUSSION

### A.     Legal Standards

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice."

*United States v. Eakman,* 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio,* 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. See 28 U.S.C. § 2255(b). Generally, the petitioner carries the burden of proof in Section 2255 proceedings. *United States v. Hollis,* 569 F.2d 199, 205 (3d Cir. 1977).

### B.    Discussion

As referenced above, Defendant seeks to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. § 924(c).  Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the

4

course of committing the offense." 18 U.S.C. § 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

On June 24, 2019, the Supreme Court held that the residual clause of Section 924(c) was unconstitutionally vague. See *Davis,* 139 S. Ct. at 2336. Pollard thus argues that, following *Davis*, his conviction as to Count 2 cannot rest on the residual clause of Section 924(c); rather, it can only stand if predicated on a crime of violence under the elements clause. Pollard further asserts that, pursuant to the categorical approach, neither Hobbs Act robbery based on *Pinkerton* liability or aiding and abetting Hobbs Act robbery form the basis of his Section 924(c) conviction because neither of these offenses categorically constitute crimes of violence under Section 924(c)(3)(A).

Very recently, the Third Circuit reaffirmed that, after *Davis,* Hobbs Act robbery is still considered a crime of violence under the elements clause of Section 924(c) because Hobbs Act robbery satisfies the categorical approach. *See United States v. Monroe*, 2021 U.S. App LEXIS 236 (3d. Cir, Jan. 26, 2021)(non-precedential). While we recognize that the Third Circuit's opinion in Monroe is considered non-binding precent, it is in accord with the decisions of every court of appeals to address the question to date as well as the decisions of our colleagues in

this District, all of which hold that Hobbs Act robbery is categorically a crime of violence under the elements clause of Section 924(c). *See United States v. Coles*, 2021 U.S. Dist. LEXIS 17041, *26-27 (M.D. Pa Jan. 29, 2021)(Conner, J.); *Phillips v. United States*, 2021 U.S. Dist. LEXIS 7057, *17-18 (M.D. Pa. Jan. 14, 2021)(Mannion, J.); *Davenport v. United States,* 2021 U.S. Dist. LEXIS 8096, *16-17 (M.D. Pa. Jan. 15, 2021)(Mannion, J.); *See also United States v. García-Ortiz,* 904 F.3d 102, 105-09 (1st Cir. 2018); *United States v. Hill,* 890 F.3d 51, 55-60 (2d Cir. 2018); *United States v. Mathis,* 932 F.3d 242, 265-66 (4th Cir. 2019); *United States v. Buck,* 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch,* 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera,* 847 F.3d 847, 848-49 (7th Cir. 2017); *United States v. House,* 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Dominguez,* 954 F.3d 1251, 1260-61 (9th Cir. 2020); *United States v. Melgar-Cabrera,* 892 F.3d 1053, 1060-66 (10th Cir. 2018); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016); *see also Robinson,* 844 F.3d at 150-51 (Fuentes, J., concurring).  We accordingly find that Pollard's predicate conviction on Count 1 for Hobbs Act robbery is considered a crime of violence under the elements clause of Section 924(c).

Moreover, to the extent Pollard's conviction of Hobbs Act robbery is considered based on aiding and abetting or *Pinkerton* liability, the jurisprudence

establishes that the conviction is still considered a crime of violence under the elements clause of Section 924(c). *See United States v. McKelvey*, 773 F. App'x 74 (3d Cir. 2019)(non-precedential)(explaining that, in the context of Hobbs Act robbery, "[a]iding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'")(citations omitted); *see also Coles*, 2021 U.S. Dist. LEXIS 17041, *28-29 (collecting cases); *United States v. Green*, 467 F. Supp. 3d 252 (M.D. Pa 2020)(Conner, J.)(same).

Based on the weight of the foregoing persuasive jurisprudence, which abundantly demonstrates that Pollard's Hobbs Act robbery conviction serves as predicate crime of violence under the elements clause of Section 924(c), we shall deny Pollard's §2255 Motion to vacate his conviction and mandatory minimum consecutive sentence on Count 2. An appropriate Order shall issue.